INDUSTRIAL FASTENERS GROUP, AMERICAN IMPORTERS ASSOCIATION, PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 80-7-01157

Before BOE, *Judge.*

(Dated. April 19, 1982)

*Barnes, Richardson & Colburn; Andrew P. Vance* and *Michael A. Johnson,* for the plaintiff.

BOE, *Judge:* This action is now before the court on plaintiff's motion for a rehearing and vacation of its judgment entered herein on March 3, 1982, 3 CIT 58, Slip Op. 82-14, in which the court af-

firmed the final determination of the International Trade Administration, United States Department of Commerce (ITA), as redetermined in part upon the remand orders of this court, that the Government of India provided subsidies to exporters of certain industrial fasteners in the total amount of 17.71% of the f.o.b. value of the exported merchandise through three export programs. Plaintiff seeks a rehearing only with respect to that portion of the court's judgment affirming the ITA determination that a subsidy was paid to the exporters in the amount of 17.5% of the f.o.b. value of the exported merchandise through the Cash Compensatory System on Export program (CCS).

The reasoning of the court in finding that the ITA determination with respect to the CCS payments was supported by substantial evidence is fully set forth in the Opinion and Order of this court under date of October 29, 1981, 2 CIT 181, Slip Op. 81-99. The court therein found that the three-prong test utilized by the ITA in determining whether the export payments, purportedly operating as a rebate of indirect taxes paid but not otherwise rebated, are subsidies [1] was a reasonable interpretation of the requirements of the countervailing duty statutes.

The gravamen of plaintiff's argument in its motion for rehearing is substantially the same as the argument made at length in plaintiff's motion for judgment on the administrative record. The plaintiff in the instant motion again urges that in determining whether the Government of India had reasonably calculated and documented the actual indirect tax incidence borne by exported fasteners and has demonstrated a clear link between such tax incidence and the amount of the export payment, the ITA considered only tax data collected by the Government of India contemporaneously with the setting of the CCS rates and excluded from consideration tax data collected contemporaneously with the ITA investigation.[2] The plaintiff further urges in the memorandum in support of its motion that the administrative record demonstrated that the data supplied contemporaneously with the ITA investigation was part of an effort by the Government of India to review and reevaluate its CCS rate. This argument is without merit. Notwithstanding any further investigation made by the Government of India during the course of the ITA investigation, the administrative record clearly and undisputedly reveals that the CCS rate compensated not only for indirect taxes paid but not otherwise rebated upon exports, but for other export handicaps suffered by Indian exporters as well.

---

[1] (1) Whether the [export payment] operates for the purpose of rebating indirect taxes, (2) whether there is a clear link between eligibility for [export] payments and payment of indirect taxes, and (3) whether the government has reasonably calculated and documented the actual indirect tax incidence borne by exported fasteners and has demonstrated a clear link between such tax incidence and the amount of the [export payment]. Slip Op. 81-99 at 10.

[2] Plaintiff also argues that the Preliminary Determination by the ITA promulgated a "time frame" which had a chilling effect on the information supplied by the Government of India. Documents made part of the administrative record which relate to tax data collected contemporaneously with the ITA investigation and submitted by the Government of India after the notice of the Preliminary Determination was published make apparent the speciousness of this argument.

Slip Op. 81-99 at 4-5. The administrative record does not provide evidence of the extent to which the CCS rate is allocated to compensate for indirect taxes paid as opposed to other export handicaps.

The plaintiff having failed to present any matter not heretofore fully presented and argued by respective counsel and considered by this court in its prior opinions and judgment herein, the motion for rehearing and vacation of judgment, accordingly, is denied.